EVERETT S. ENGLISH, as Administrator, etc., of JESSE P. ENGLISH, Deceased, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Third Department, January 6, 1926.

Insurance — life insurance — action for conversion of life insurance policy — policy was payable to estate of plaintiff's intestate — plaintiff sent policy and proof of death to defendant — defendant delivered policy to third person who claimed to be equitable owner — in action of interpleader by defendant herein in Federal courts under 39 U. S. Stat. at Large, 929, chap. 113, plaintiff herein was successful — this action was commenced before Federal action and restrained by it — plaintiff cannot recover as damages costs and disbursements in Federal action.

The plaintiff who, as administrator of the insured, delivered the policy of life insurance issued by the defendant corporation and payable to the estate of the insured, to the defendant with proof of death which, in turn, delivered the policy to a third person who claimed to be the equitable owner thereof, cannot recover in this action as damages for the conversion of the policy the costs and disbursements of an action of interpleader subsequently brought by the defendant in the Federal courts under the act of Congress, approved February 22, 1917 (39 U. S. Stat. at Large, 929, chap. 113), to have determined the right of the

plaintiff and said third person to the amount of the policy, in which action the plaintiff herein was successful and the prosecution of the present action restrained. While the delivery of the policy to the third person may have been a conversion, that fact did not in any way affect the plaintiff's right or give advantage to the third person to the damage of the plaintiff.

APPEAL by the defendant, Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 15th day of September, 1925, upon the decision of the court rendered after a trial before the court at the Washington Trial Term, a jury having been waived.

*Brackett, Todd, Wheat & Wait* [*Spencer B. Eddy* of counsel], for the appellant.

*Herbert Van Kirk,* for the respondent.

COCHRANE, P. J. The defendant issued a policy of insurance on the life of Jesse P. English payable to him November 3, 1940, or to his estate if he died before that time. He died intestate January 18, 1921, without having assigned the policy or his interest therein. Thereupon the plaintiff as administrator of his estate became entitled to the proceeds of the policy. Plaintiff sent the policy, together with proof of death of Mr. English, to the defendant for the purpose of receiving payment of the policy. The defendant without the knowledge of plaintiff delivered it to one Florence Joyner, who it is stipulated "claimed to be the equitable owner thereof." She was a resident of the State of Connecticut and began an action in that State against the defendant to recover on said policy.

By act of Congress, approved February 22, 1917 (39 U. S. Stat. at Large, 929, chap. 113; Barnes Federal Code, § 786),* it was enacted as follows: "The District Courts of the United States shall have original cognizance to entertain suits in equity begun by bills of interpleader where the same are filed by any insurance company or fraternal beneficiary society, duly verified, and where it is made to appear by such bill that one or more persons, being *bona fide* claimants against such company or society, reside within the jurisdiction of said court; that such company or society has made or issued some policy of insurance or certificate of membership providing for the payment of a sum of money * * * ; that two or more adverse claimants, citizens of different States, are claiming or may claim to be entitled to such insurance or benefits and that such company or society deposits the amount

* Since amd. by 43 U. S. Stat. at Large, 976, chap. 317, approved February 25, 1925.— [REP.

of such insurance or benefits with the clerk of said court and abide the judgment of said court. In all such cases the court shall have the power to * * * hear said bill of interpleader and decide thereon according to the practice in equity; to discharge said complainant from further liability upon the payment of said insurance or benefit as directed by the court, less complainant's actual court costs; and shall have the power to make such orders and decrees as may be suitable and proper * * *." Proceeding under that statute the defendant began a suit in equity in the District Court of the United States for the Northern District of New York where the plaintiff herein resides, in which suit the defendant interpleaded the parties hereto, paid the proceeds of the policy into court and procured an injunction restraining the plaintiff and said Florence Joyner from prosecuting the actions commenced by them respectively against the defendant. It was also adjudged that the defendant herein was " discharged from any further liability " to the plaintiff herein upon said policy. Such proceedings were thereafter had in said action in the District Court that it was adjudged that plaintiff was entitled to the proceeds of the policy and a direction was made that the same be paid to him. The present action is one for the conversion of the policy. Plaintiff does not seek the value of the policy or its proceeds. That relief has been granted him by the District Court. But he has been permitted a recovery in this action of conversion for the costs awarded by the District Court payable from the proceeds of the policy and his expenses incidental to the litigation in that court. It should also be observed that such costs and disbursements were incurred subsequent to the commencement of this action. We think such recovery cannot be sustained. It is probably true that the delivery of the policy to Florence Joyner by the defendant was a conversion thereof, but it is not apparent that such conversion gave her any advantage. The rights of the parties were fixed when Mr. English died. Delivery of the policy to her thereafter did not enable her to make a claim thereto, nor did it enable her to more effectively prosecute such claim. That she could do just as well without such possession of the policy as the defendant could give. The situation was such that the District Court had jurisdiction of the entire controversy. Having such jurisdiction that court restrained the prosecution of this action and proceeded to adjudicate the rights of the parties. It decided in favor of plaintiff. The costs and expenses incurred were incidental to that litigation and we think the plaintiff is entitled to no relief herein which could not have been granted in that action. Had the defendant retained the policy or returned it to plaintiff

the claim of Florence Joyner " to be the equitable owner thereof " would still have existed. Delivery of the policy by the defendant added nothing to her claim. It was a circumstance of no importance as far as she was concerned. The right of the defendant to bring its interpleader suit under the Federal statute did not depend on the whereabouts of the policy nor on a pending action by either party. That statute authorized such suit whenever " two or more adverse claimants, citizens of different States, are claiming *or may claim* to be entitled to such insurance " (italics ours). That interpleader suit superseded the present action and all questions were or should have been decided therein. The costs and expenses incidental to that action were in no sense caused by the wrongful disposition of the policy by the defendant.

The judgment should be reversed on the law and the complaint dismissed, with costs.

All concur; Van Kirk, J., not sitting.

Judgment reversed on the law and complaint dismissed, with costs.